IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
RITCHIE BROS. AUCTIONEERS   )
(AMERICA), INC.,            )
                            )
     Plaintiff,             )
                            )   CIVIL ACTION NO.
     v.                     )      3:14cv36-MHT
                            )         (WO)
BEST RENTAL CORPORATION SE, )
et al.,                     )
                            )
     Defendants.            )
```

OPINION AND ORDER

Plaintiff Ritchie Bros. Auctioneers (America), Inc., brought this lawsuit against defendants Best Rental Corporation SE and Gavin Nawrocki (the vice-president of Best Rental), asserting breach of contract and the related torts of fraudulent misrepresentation and breach of duty of good faith and fair dealing.  Ritchie Bros. has also sued defendant Alex Lyon & Sons, Inc., asserting intentional interference with a contractual relationship. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).  This matter is now before the court on

Ritchie Bros.' motions for a preliminary injunction. Based on the evidence presented at an evidentiary hearing on March 5, 2014, the motions will be denied.

Ritchie Bros. and Alex Lyon & Sons are competing auction houses. Best Rental is a construction equipment rental company, and is in the process of wrapping up operations as it goes out of business. Ritchie Bros. claims that Best Rental entered into a contract that provided for Ritchie Bros. to auction off substantially all of Best Rental's equipment, but that due to Alex Lyon's interference Best Rental repudiated that contract and instead agreed to permit Alex Lyon to sell most of the equipment at an auction scheduled for March 14, 2014.

Best Rental had entered into numerous previous auction contracts with Ritchie Bros. Many of those contracts involved the main contract document, containing the terms, and an attachment containing the list of items to be auctioned (referred to and often prominently labeled as "Schedule A"). The parties also agree that

2

Best Rental and Ritchie Bros. signed the main portion of the purported contract at issue here on January 3, 2014.

On January 7, 2014, Nawrocki supplied Ritchie Bros. with a list of equipment. Ritchie Bros. claims that the parties agreed the list would constitute Schedule A. The defendants counter that Best Rental never agreed that the list was Schedule A. All parties offered evidence in support of their versions of events, mostly in the form of testimony from the individuals involved.

It is within the sound discretion of the trial court whether to issue a preliminary injunction. <u>International Cosmetics Exchange, Inc. v. Gapardis Health & Beauty, Inc.</u>, 303 F.3d 1242, 1246 (11th Cir. 2002). A party seeking a preliminary injunction must satisfy a four-part test showing: (1) that it has a substantial likelihood of success on the merits; (2) that it would be irreparably harmed if an injunction were not granted; (3) that such harm outweighs the harm that would accrue to the opposing party if the injunction were granted; and (4) that the

injunction would not be adverse to the public interest. Odebrecht Const., Inc. v. Sec'y, Florida Dep't of Transp., 715 F.3d 1268, 1273 (11th Cir. 2013). The movant bears the burden of persuasion as to all four requirements. Forsyth Cnty. v. U.S. Army Corps of Engineers, 633 F.3d 1032, 1039 (11th Cir. 2011).

The court finds that Ritchie Bros. has failed to carry its burden of establishing a substantial likelihood of success on the merits. While the parties have raised a number of issues in this case, it is clear the core dispute is whether Ritchie Bros. and Best Rental ever agreed on a Schedule A. If they did, then Ritchie Bros. has a strong likelihood of success on the merits, at least against Best Rental and Nawrocki. If they did not, then it is quite likely that there was no breach at all, if indeed there was even a completed contract. Each side produced substantial but not conclusive evidence in support of its version of events.

"In many cases the existence of a factual conflict

4

... may create sufficient doubt about the probability of plaintiff's success to justify denying a preliminary injunction." 11A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2948.3 (2d ed.). That is the case here. A reasonable jury could credit the defendants' version of events at least as easily as it could believe Ritchie Bros.' version. Thus Ritchie Bros. has failed to establish that it has a substantial likelihood of success on the merits.

The court further concludes that Ritchie Bros. has not carried its burden as to irreparable harm. First, Ritchie Bros. points to the possibility of Best Rental transferring its assets and becoming judgment proof, but Alex Lyon has agreed to indemnify all defendants in this case, ensuring that if Ritchie Bros. ultimately prevails it will be able to obtain damages.

Second, Ritchie Bros. alleges loss of customers and reputation, but at the hearing it could offer only generalizations and speculation in support of that

5

conclusion. Cf. BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 970 (11th Cir. 2005) (upholding and relying on district court's specific factual finding that plaintiff would lose 3200 customers per week absent an injunction).

Third, Ritchie Bros. argues that without an injunction it will lose the benefit of a provision of the purported contract guaranteeing specific performance with regard to items withdrawn within 40 days of a planned auction. However, the planned auction that arguably triggered the specific-performance clause in this case took place in February. Because the auction within 40 days has already come and gone, Ritchie Bros. can no longer obtain the specific performance contemplated in the contract: namely the production of the disputed items at the February auction. As such, the denial of a preliminary injunction now, in March, does not constitute any additional harm. Furthermore, the weight of authority from various jurisdictions indicates that

6

"while contractual specific performance clauses may guide a trial court's equitable determinations, they are not binding" on the court. Reeder v. Carter, 740 S.E.2d 913, 919 (N.C. Ct. App. 2013) (collecting cases). Given the circumstance that Ritchie Bros. can no longer obtain the specific performance contemplated in the contract, this court would be unlikely to order specific performance in the exercise of discretion in this case, even if Ritchie Bros. ultimately prevails. Finally, it is important to note that the irreparable harm Ritchie Bros. contends it will suffer is the loss of the benefit of a "remedy." And the remedy here is not unconditional, but is available, according to the purported contract, only on a showing of a contractual "breach." Therefore, the mere allegation that Ritchie Bros. will suffer the loss of the benefit of this remedy does not, in and of itself, mean that irreparable harm will follow. In this sense, the type of irreparable harm Ritchie Bros. contends it will suffer is deeply dependant on its contention it will

prevail on the merits.  In contrast, for example, Ritchie Bros. does not seek merely to maintain the status quo.  Thus, the court's conclusion that Ritchie Bros.' ultimate success on the merits is very much in doubt further undercuts its argument that the specific-performance clause establishes irreparable harm.

For the reasons discussed above, the court also finds that Ritchie Bros. has also failed to establish the remaining two factors, namely the balance of hardships and the public interest.  The court need not reach the defendants' argument regarding judicial estoppel.

\*\*\*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the motions for preliminary injunction (Doc. Nos. 3 and 37) filed by plaintiff Ritchie Bros. Auctioneers (America), Inc., are denied.

DONE, this the 6th day of March, 2014.

                         /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE